THE PEOPLE OF THE STATE OF NEW YORK ex rel. WARNER L. CONLEY, Appellant, v. SAMUEL H. BEACH et al., Constituting the Board of Fire and Police Commissioners of the City of Rome, Respondents.

Civil service — improper dismissal of veteran fireman.

Upon review of the statutes relative to the fire department of the village and city of Rome, *held*, that the board of fire and police commissioners should not be allowed to so construe the Civil Service Law (Cons. Laws, ch. 7, § 22) as to permit it to summarily discharge the relator, without a hearing, from his office in the police department, while he has in his possession an honorable discharge from the fire department of the city signed by said board and recommended by the chief engineer of the fire department.

*People ex rel. Conley* v. *Beach,* 143 App. Div. 712, reversed.

(Argued November 22, 1911; decided December 12, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered March 8, 1911, which affirmed an order of Special Term denying a motion for a peremptory writ of mandamus to compel defendants to reinstate the relator in the office of patrolman in the police department of the city of Rome.

An alternative writ of mandamus was issued April 2, 1910, commanding the respondents to reinstate the relator to the office of policeman in the city of Rome, from which office he had been removed, or show cause why the writ should not be obeyed and make return thereto as required by statute. A return was duly filed to the

writ and upon the trial an order was made denying the writ of peremptory mandamus. An appeal was taken therefrom to the Appellate Division where the order appealed from was affirmed by a divided court. (*People ex rel. Conley* v. *Beach,* 143 App. Div. 712.) From the order and the judgment entered thereon an appeal is taken to this court.

The facts, so far as material, are stated in the opinion.

*M. H. Powers* and *W. J. Powers* for appellant.

*M. J. Larkin* for respondents.

CHASE, J.    It is provided by section 22 of the Civil Service Law (Consolidated Laws, chap. 7) that " No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the state * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges. * * * "

The relator, after a competitive examination, was, on the 9th day of July, 1896, duly appointed a police officer in the city of Rome by the board of fire and police commissioners of said city and he served as such officer until the 5th day of February, 1910, when he was summarily removed from such office without a hearing upon due notice upon stated charges.

In the month of November, 1883, the relator became a member of Fort Stanwix Hose Company No. 2, an unincorporated volunteer fire company in said city, and continued as an active volunteer fireman and member of such company until May, 1892, a period of more than eight years.

On or about the 5th day of November, 1897, the relator was given a certificate by such volunteer fire company, which was signed by the foreman and secretary thereof and confirmed by the chief engineer of the fire depart-

ment of the city as follows: "We, the undersigned, hereby certify that Mr. Warner L. Conley has served five years as an active member of Fort Stanwix Hose Company No. 2 of the Rome Fire Department.

"C. J. FARR, *Foreman.*

"H. C. ANDERSON, Jr., *Secretary.*

"Confirmed.

"L. Briggs,

"*Chief Engineer.*"

On that day, at a meeting of said board of fire and police commissioners, a resolution was adopted which appears in the minutes of the commissioners as follows: "Com. Bingham moved that Warner L. Conley be granted a discharge from the fire department. Carried."

He was thereupon given a written certificate of honorable discharge from the fire department of the city signed by the chairman and clerk of said board of fire and police commissioners, of which the following is a copy:

"FIRE DEPARTMENT, CITY OF ROME.

"This is to certify that Warner L. Conley has served five years as a member of the Rome Fire Department, and at his own request is hereby honorably discharged by order of the Board of Fire and Police Commissioners.

"W. L. KINGSLEY, *Chairman.*

"Dated ROME, N. Y., *Nov. 5th,* 1897.

"W. O. JENKS, *Clerk.*"

If the relator's service in said hose company entitles him to the protection afforded by said section 22 of the Civil Service Law, the order appealed from should be reversed.

Fort Stanwix Hose Company No. 2 was and is a volunteer fireman's association, which has existed as such for more than fifty years, having a president, secretary, foreman and an assistant foreman, and during all of the years of its history its members have responded to every alarm of fire within the territory of the city and of the village that existed prior to the incorporation of the city, and it has been furnished by the city and by the village with a suitable place for its meetings and also with uni-

forms, belts and appliances for fighting fire. A horse was also furnished to them by the city to aid in hauling the apparatus used by them in fighting fire.

The city of Rome was first incorporated in 1870. (Laws of 1870, chap. 25.) Prior to the incorporation of the city a large part of the territory now constituting the city of Rome was incorporated as a village. It was first so incorporated as a village in 1819. (Laws of 1819, chap. 77.) Before the village of Rome was so incorporated the inhabitants included within such territory had made provision for fighting fire, and by chapter 79 of the Laws of 1818 Joel Hayes and such other persons associated or that might associate with him, not exceeding twenty in number, were constituted the "Rome Fire Company" as a body corporate, and such persons were, among other things, by the act exempt from serving as jurors. Five of their number to be chosen by themselves as trustees had power to remove any firemen so appointed and appoint others in their stead as often as they should think proper. When the village was incorporated in 1819 the trustees thereof were given power "to appoint twenty firemen ＊ ＊ ＊ in addition to the number now (then) in said village and they are authorized to displace all or any of them as often as they shall think fit and others to appoint in their place." The charter of the village was amended from time to time as was the act for the incorporation of the Rome Fire Company until 1855, when a fire department of the village of Rome was incorporated by chapter 388 of the laws of that year. That act provided (Section 1) that "all persons who now are or hereafter shall become members of the fire engine, hook and ladder and hose companies, not exceeding forty in number to each company of the village of Rome, ＊ ＊ ＊ by appointment of the trustees of the village of Rome, as hereinafter provided, shall be and are hereby ordained and constituted a body politic and corporate in fact and in name, by the name and style of the 'Fire Department of the Village of Rome.'"

It was provided by the act that the members of such

624 MEMORANDA. [Vol. 203.

fire department should be appointed and could be removed by resolution of the board of trustees of the village. That act with some amendments continued in existence not only until the incorporation of the city of Rome but to and including the year 1881, and it was in substance provided in that act and in the charter of 1870 that the engineers of the fire department, fire wardens and all firemen, hook and ladder, hose and axemen of the city shall be exempt from serving on juries in all cases.

It is also provided in said charter of 1870 (Title VIII, §§ 8, 9) that " the present firemen of the village of Rome shall be firemen of the said city, subject to be removed by the common council, in like manner as other firemen of said city," and also that " every fireman who shall have faithfully served as such in said city, including as well any period before as after the passage of this act, five consecutive years, shall be thereafter exempt from serving on juries in all courts or in the militia. * * *."

In 1881 an act was passed (Laws of 1881, chapter 517) establishing a board of fire commissioners for the city of Rome to fulfill the duties connected with and incident to the control, government and discipline of the fire department of said city.

It was therein provided (Section 6): " The board thus constituted shall organize *fire companies* and appoint a sufficient number of able-bodied and reputable inhabitants of the city of Rome firemen to belong to such companies, and shall pay them a' reasonable compensation for their services as such firemen. They shall appoint one of said firemen chief engineer of the fire department, who shall, under the direction of the board, have full control of the department. * * * The number of firemen to be appointed and so paid shall not exceed in the aggregate twenty-five in number."

The provisions of the act clearly refer to paid firemen, and the number was limited to twenty-five men, except that by direction of the fire commissioners the chief engineer, " in case of emergency," was given authority to appoint additional special firemen. No provision was

included therein in recognition of the volunteer firemen then lawfully existing in companies in said village, aggregating about one hundred and seventy-five men.

By chapter 428 of the Laws of 1890 the board was changed so as to become the board of fire and police commissioners for the city of Rome, and to their powers as fire commissioners were added powers as police commissioners, and such board of fire and police commissioners are continued by the new city charter (Laws of 1904, chap. 650) to the present time. In the city charter of 1904 it is provided: " The said board shall, subject to the limitations of this act, maintain fire companies and appoint a sufficient number of able-bodied and reputable inhabitants of the city of Rome firemen to belong to such companies, and pay them a reasonable compensation for their services as such firemen. Said board shall appoint one of said firemen chief engineer of the fire department who shall under its direction have full control of the fire department." (Section 115.)

The Fort Stanwix Hose Company No. 2 was undoubtedly a part of a duly incorporated fire department of the city prior to 1881, and although the act of 1855 and the amendments thereto were repealed by the act of 1881, the several volunteer fire companies continued to exist as volunteer associations and to act as a subsidiary volunteer fire department in conjunction with the limited number of men constituting the paid fire department of the city. The board of fire and police commissioners assumed to have authority and control over them, and such firemen submitted to such authority and control.

The charter of 1904 expressly provides that the board of fire and police commissioners shall " maintain fire companies," and the city has continuously since 1881 maintained the Fort Stanwix Hose Company No. 2 as such volunteer association, and has accepted the service of such volunteer firemen and they have been recognized as part of the fire department of the city. It clearly appears from the record that the recognition of such volunteer fire companies has been shown in every pos-

sible way by the municipal corporation and by its officers, including the board of fire and police commissioners and the chief engineer of the fire department. Since 1881 they have been continued as they existed prior to that time and maintained as theretofore by the city. Appointments have been made to said company and discharges given from time to time to its members as from the fire department of the city, including the honorable discharge to the relator which we have quoted herein.

The board of fire and police commissioners should not now be allowed to so construe the Civil Service Law as to permit them to discharge the relator from his office in the police department while he has in his possession an honorable discharge from the fire department of the city signed by said board and recommended by the chief engineer of the fire department.

The order should be reversed, with costs in all courts, and the peremptory mandamus should be granted.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and COLLIN, JJ., concur.

Order reversed, etc.